# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID BRISSON, TERRI BARFIELD, and
ROBERT ORMORD, on behalf of themselves
and all others similarly situated,

    Plaintiffs,

v.                                            CASE NO: 8:08-cv-2491-T-26MAP

FORD MOTOR COMPANY,

    Defendant.
_____/

# **O R D E R**

Before the Court is Defendant's Motion to Dismiss Amended Class Action Complaint (Dkt. 23), Plaintiffs' Memorandum in Opposition (Dkt. 25), and Defendant's Notice of Supplemental Authority (Dkt. 28). After careful consideration of the allegations of the Amended Class Action Complaint (Dkt. 20) and the applicable law, the Court concludes that the motion should be granted.

## Allegations

The amended class action two-count complaint (the complaint) seeks monetary, declaratory, and injunctive relief for "extreme" and "severe" front end oscillation demonstrated by 2005 through 2007 Ford F-250 and Ford F-350 trucks. Without alleging the particular vehicle purchased, leased, sold, or traded by each of the three named

Plaintiffs, the complaint describes the proposed class as everyone in the United States who "currently own[s] or lease[s]" such vehicles and who "were forced to sell or trade the vehicle[s] at a loss" due to the front end oscillation. The only named Defendant is the manufacturer, Ford Motor Company (Ford).

Asserting both counts under the Maguson Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. (the MMWA), the complaint alleges a breach of express warranty and a breach of implied warranty. Plaintiffs allege that the law of Delaware should apply to the warranty, which is not attached to the complaint. The 2005 warranty, which was attached to the original motion to dismiss, provides an express warranty to repair or replace defective parts for three years or 36,000 miles, whichever occurs first. The duration of the implied warranty is also limited to the same coverage period. The named Plaintiffs devote the majority of the complaint to asserting an agency relationship between Ford and its dealerships, which is necessary to establish privity of contract between Ford and the named Plaintiffs for the breach of the implied warranty count, count II.

## Choice-of-Law

Plaintiffs pleaded their choice of law as Delaware and based that selection on the state where the Defendant is incorporated and where one of the class members is domiciled. Plaintiffs further allege that Delaware has a "significant contact or significant aggregation of contacts" to the claims, citing Allstate Ins. Co. v. Hague, 449 U.S. 302, 101 S.Ct. 633, 637-38, 66 L.Ed.2d 521 (1981). While these principles make up part of the general analysis of conflicts, it is axiomatic that a federal district court sitting in

diversity jurisdiction must apply the choice-of-law rule of the state in which it is located, which in this case is Florida. See U.S. Fidelity & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1033 (11th Cir. 2008) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). Florida's choice-of-law rule applies the doctrine of lex loci contractus to contract actions and considers where the contract was executed. U.S. Fidelity, 550 F.3d at 1033; State Farm Mut. Auto. Ins. Co. v. Roach, 945 So.2d 1160, 1163 (Fla. 2006). That this case involves a breach of express and implied warranty should not alter the application of the lex loci contractus rule absent clear authority to the contrary. Furthermore, as Plaintiffs concede, no court in Florida has directly addressed what choice-of-law rule applies to breach of express and implied warranties pursuant to the MMWA.[1] An express warranty has long been recognized as "bargained-for terms of a contractual agreement" and therefore in the nature of a contract. See Southern Broadcasting Group, LLC v. Gem Broadcasting, Inc., 145 F.Supp.2d 1316, 1324 (M.D. Fla. 2001) (citing Florida cases). Nevertheless, Florida does not always apply the lex loci contractus rule, carving out an exception by applying it to contracts of automobile insurance. See Shapiro v. Associated Intern. Ins. Co., 899 F.2d 1116, 1119 (11th Cir. 1990).

---

[1] Under the MMWA, one circuit court has held that "except in the specific instances in which Magnuson-Moss expressly prescribes a regulating rule, the [MMWA] calls for the application of state written and implied warranty law, not the creation of additional federal law." Walsh v. Ford Motor Co., 807 F.2d 1000, 1012 (D.C. Cir. 1986).

As Ford notes, the complaint fails to allege where the three named Plaintiffs purchased their trucks and, more important, fails to allege any facts supporting application of one of the other fifty state's laws. In a situation in which the facts alleged do not substantiate application of any particular foreign law, the forum generally applies the law of the state in which it sits. See Cavic v. Grand Bahama Dev. Co., Ltd., 701 F.2d 879, 882 (11th Cir. 1983).[2] In this case, the theory that the corporate defendant's place of incorporation, or its headquarters, is but one factor to be considered in the "significant relationships test" under the conflicts-of-law analysis for tort, not contract, cases. See Cohen v. Implant Innovations, Inc., No. 07-20777-CIV, 2008 WL 3927223, *3 & 9 (S.D. Fla. Aug. 21, 2008) (noting also that a conflict-of-laws analysis may lead to the application of many different states' laws, depending on the circumstances of each particular plaintiff's express warranty claim). Another important consideration in a class action, as this one, is whether a material conflict exists between the law of the forum state (Florida's) and a single state's law (Delaware's), such that it would militate against applying the single state's law to an entire class. See Montgomery v. New Piper Aircraft, Inc., 209 F.R.D. 221, 228-29 (S.D. Fla. 2002) (citing Phillips Petroleum Co. v. Shutts,

---

[2] Cf. Continental Cas. Co. v. City of Jacksonville, 283 Fed. Appx. 686, 689 (11th Cir. 2008) (holding that application of Florida law was appropriate because parties did not object). Although the Plaintiffs assert that Delaware, not Florida, law should apply, the Restatement (Second) of Conflicts, cited in Cavic, states that when the parties have failed to "prove the foreign law," in this case Delaware law, the "forum may say that the parties have acquiesced in the application of the local law of the forum. . . ." Restatement (Second) of Conflicts § 136 cmt. h, at pp. 378-79 (1971).

472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985)).  Based on the complaint as alleged and the authority provided, this Court is not persuaded to apply Delaware law and must apply Florida law, the substantive law of the forum state.

## Breach of Express Warranty

State law governs the claim for breach of an express warranty brought under the MMWA.  See Monticello v. Winnebago Indus., Inc., 369 F.Supp.2d 1350, 1356 (N.D. Ga. 2005) (citing Bailey v. Monaco Coach Corp., 350 F.Supp.2d 1036, 1040 (N.D. Ga. 2004)); Ocana v. Ford Motor Co., 992 So.2d 319, 323 (Fla.Dist.Ct.App. 2008) (citing Mesa v. BMW of N. Am., LLC, 904 So.2d 450, 455 (Fla.Dist.Ct.App. 2005)).  To assert a cause of action for breach of express warranty under Florida law, a consumer must allege that the manufacturer did not comply with the limited express warranty's terms.  Ocana, 992 So.2d at 324.  The consumer must allege that the manufacturer refused or failed to adequately repair a covered item.  Ocana, 992 So.2d at 324.  In Ocana, the plaintiffs simply alleged that they had taken the vehicle to the seller/agent on at least four separate occasions.  Because the "reasonable number of repair attempts provision" is inapplicable to a limited express warranty under the MMWA, the pleading was held deficient.  Just as in Ocana, the Plaintiffs here do not allege that Ford did not comply with a provision of the express warranty.  There is no indication from the pleading that any of the named Plaintiffs ever took their truck for repair or ever gave notice of the breach, much less within the three-year or 36,000-mile warranty period, if in fact they are traveling on the

three-year warranty.[3]  Hence, the count for breach of an express warranty must be dismissed.

### Breach of Implied Warranty

Under Florida law, privity of contract is required in order to recover under a breach of implied warranty claim.  See Kramer v. Piper Aircraft Corp., 520 So.2d 37 (Fla. 1988); Bailey v. Monaco Coach Corp., 168 Fed.Appx. 893, 894 n. 1 (11th Cir. 2006) (citing Mesa, 904 So.2d at 458).  "The MMWA does not supplant state law privity requirements for implied warranty claims."  Ocana, 992 So.2d at 325 (citing Mesa v. BMW of N. Am., LLC, 904 So.2d 450 (Fla.Dist.Ct.App. 2005)).  There is no question that Plaintiffs have failed to allege privity insofar as none of the Plaintiffs purchased their trucks directly from Ford.  In fact, some of the class includes individuals who purchased used vehicles from non-Ford dealers and private parties.

Plaintiffs, however, rely on an agency theory to assert privity between the dealerships and Ford, citing Foote v. Green Tree Acceptance, Inc., 597 So.2d 803 (Fla.Dist.Ct.App. 1991).[4]  In Foote, the buyer of a recreational vehicle was required under the warranty to contact the dealer for repairs, and if the dealer failed to repair, then the buyer was required to contact the manufacturer for repairs.  Foote, 597 So.2d at 804-805.

---

[3]  "A warranty itself is not breached simply because a defect occurs."  Bailey, 350 F.Supp.2d at 1044.  Under Florida law, "a repair-or-replace warranty is breached only if the warrantor does not remedy the covered defects within a reasonable time."  Id.

[4]  See also Bland v. Freightliner LLC, 206 F.Supp.2d 1202, 1207 (M.D. Fla. 2002).

The appellate court in Foote reversed the summary judgment in favor of the manufacturer because the record was silent on the issue of whether the seller was the manufacturer's agent sufficient to establish receipt of notice on behalf of the manufacturer. The issue in Foote was whether the manufacturer received notice under the written warranty, not whether privity existed, as is the case here.

The case of Ocana, cited by Ford, more directly addresses the issue of the sufficiency of the allegations regarding privity in a breach of implied warranty count.[5] Just as in Ocana, the Plaintiffs here list many of the provisions of a franchise agreement between Ford and its dealerships, which, among other things, provides that the manufacturer will exercise control over the dealer location, the right to enter the dealer's business premises to audit the records, and to provide warranty service paid for by Ford. Moreover, the Sales and Service Agreement, as part of the franchise agreement relied on, provides that the agreement in and of itself does not create the relationship of principal and agent between the dealership and Ford.[6] The complaint is wholly devoid of any

---

[5] It should also be noted that the general rule is that when a vehicle is purchased directly from a dealer, as opposed to the manufacturer, no privity exists between the two. See Bailey, 168 Fed.Appx. at 894 n. 1; see also Varney v. Ford Motor Co., No. 8:06-cv-295-T-24TGW, 2007 WL 2780566, at * 3 (M.D. Fla. Sept. 15, 2006) (applying Alabama law, which holds that privity of contract is required, to dismiss count for implied warranty under MMWA with prejudice); Abraham v. Volkswagen of America, Inc., 795 F.2d 238, 241, 247-49 (2d. Cir. 1986); Cerasani v. American Honda Motor Co., 916 So.2d 843, 847 (Fla.Dist.Ct.App. 2005).

[6] See Orders of Magistrates attached at docket 13, in which the magistrates considered the same sales and service agreement provision as a refutation of any agency allegations.

allegations connecting an agency relationship of Ford with the individually named Plaintiffs or any other potential plaintiffs in the proposed class.

Additionally, as in the case of the breach of the express warranty count, Plaintiffs' failure to allege that they experienced the defect within the warranty period of three years or 36,000 miles is fatal to the implied warranty count.  See Ward Adventures, LLC v. Buddy Gregg Motor Homes, Inc., No. 3:05-CV-236, 2007 WL 869619, *5-6 (E.D. Tenn. Mar. 20, 2007) (holding that implied warranties under MMWA may be limited in duration to the period of the written warranty).  Accordingly, the complaint must be dismissed.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1)　Defendant's Motion to Dismiss Amended Class Action Complaint (Dkt. 23) is **GRANTED**.

(2)　The clerk is directed to enter judgment for Defendant and to close the case.[7]

**DONE AND ORDERED** at Tampa, Florida, on March 9, 2009.

---

[7] Because counsel for Plaintiffs in this case were also counsel for plaintiff in the Ocana case, the Court can reasonably presume that prior to instituting this action on December 16, 2008, they were aware of the pleading requirements imposed by the Ocana court in October of 2008 on plaintiffs seeking to bring a cause of action in Florida under the MMWA for breach of an express warranty, that is, a plaintiff "must *allege* and prove that Ford refused or failed to adequately repair a covered item."  992 So.2d at 324 (emphasis added).  Despite counsels' awareness of these pleading requirements, they failed to comply with Ocana either in the original complaint or the amended complaint.  Consequently, the Court will assume that Plaintiffs are unable to satisfy the pleading requirements of Ocana so that permitting them to file a second amended complaint would be an exercise in futility.

s/*Richard A. Lazzara*
                                        **RICHARD A. LAZZARA**
                                        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record